UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) | JUSTIN UNSELL | ) |
| | | ) |
| | and | ) |
| | | ) |
| 2) | LESLIE UNSELL, | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| 1) | J.D. BULLARD, | ) |
| | | ) |
| | and | ) |
| | | ) |
| 2) | PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) |
| | | ) |
| | and | ) |
| | | ) |
| 3) | FARMER'S INSURANCE COMPANY, | ) |
| | | ) |
| | Defendants. | ) |

Case No.: __CIV-13-1214-L__
*(formerly District Court of Oklahoma County; Case No. CJ-2013-4034)*

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance Company ("Progressive"), hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1 – 10**. There are no motions pending in this action.

The removal of this case to federal court is based on the following:

1.      Plaintiffs, Justin Unsell and Leslie Unsell ("Plaintiffs") commenced this action against Defendants J.D. Bullard ("Bullard"), Progressive Northern Insurance Company ("Progressive") and Farmer's Insurance Company, Inc. ("Farmer's") in the District Court of Oklahoma County, State of Oklahoma (Case No. CJ-2013-4034), on July 18, 2013. (*See* Petition, Oklahoma County Case No. CJ-2013-4034, attached as **EXHIBIT 2**.)

2.      In their Petition, Plaintiffs alleged Plaintiff Justin Unsell was involved in an automobile accident caused by Defendant Bullard. (*See* Petition, Oklahoma County Case No. CJ-2013-4034, ¶¶ 1 and 2, **EXHIBIT 2**.)

3.      According to Plaintiffs, as a result of Defendant Bullard's negligence, Plaintiff Justin Unsell suffered personal injuries, medical expenses, lost wages, pain and suffering, and reduced earning capacity. (*See* Petition, Oklahoma County Case No. CJ-2013-4034, ¶ 5, **EXHIBIT 2**.)

4.      Plaintiff Justin Unsell also asserted an uninsured/underinsured motorist claim against Progressive. (*See* Petition, Oklahoma County Case No. CJ-2013-4034, ¶ 3, **EXHIBIT 2**.)

5.      At the time of the relevant accident, Progressive insured Plaintiff under a commercial automobile insurance police, Policy No. 05543187-5. The policy provided a combined single limit of $500,000.00 in underinsured/uninsured motorist ("UM/UIM") coverage. (*See* Declarations Page, attached as **EXHIBIT 11**.)

6.      Plaintiff Justin Unsell also asserted an uninsured/underinsured motorist claim against Farmer's. (*See* Petition, Oklahoma County Case No. CJ-2013-4034, ¶ 4, **EXHIBIT 2**.)

7.    At the time of the relevant accident, Farmer's allegedly insured Plaintiff under an automobile insurance policy providing uninsured/underinsured coverage. (*See* Petition, Oklahoma County Case No. CJ-2013-4034, ¶ 4, EXHIBIT 2.)

8.    Plaintiff Leslie Unsell asserted that as a result of Defendant Bullard's negligence she would be deprived of her husband's services, companionship, and consortium. (*See* Petition, Oklahoma County Case No. CJ-2013-4034, ¶ 6, EXHIBIT 2.)

9.    Plaintiffs' Petition set forth that Plaintiffs were seeking from each Defendant "an amount in excess of $75,000.00 . . . ." (*See* Petition, Oklahoma County Case No. CJ-2013-4034, EXHIBIT 2.)

10.    On October 23, 2013, Plaintiffs voluntarily dismissed all claims against Defendant Bullard. (*See* Dismissal with Prejudice of Defendant, J.D. Bullard, attached as EXHIBIT 10.)

11.    This case was not removable when Plaintiffs filed their Petition in Oklahoma County, as "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Rasul v. Bush*, 542 U.S. 466, 489 (2004).  For a Federal Court to have original jurisdiction of a case or controversy, there must be a federal question or diversity jurisdiction.  There were no allegations that the Constitution or any federal statute had been violated. (*See* Petition, Oklahoma County Case No. CJ-2013-4034, EXHIBIT 2.)  When this action was filed, the parties were not completely diverse. Therefore, at the time of filing, this case was not removable.  *See Grupo Dataflux v. Atlas Global*

*Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing).

12.     More specifically, at the time of filing, the relevant time period, Plaintiffs were residents and citizens of the State of Oklahoma.  (*See* Plaintiffs' Answers to Defendant's First Interrogatories and Requests for Production of Documents, No. 1, attached as **EXHIBIT 12**.) At the time of filing, Defendant Bullard was also a resident of the State of Oklahoma. (*See* Defendant, Bullard's Answers to Co-Defendant's Interrogatories, No. 11, attached as **EXHIBIT 13**.)  Since Plaintiffs and Defendant Bullard were both citizens of the State of Oklahoma, complete diversity did not exist.

13.     Plaintiffs' <u>voluntary</u> dismissal of Defendant Bullard, however, has made this case removable.  Title 28 U.S.C. § 1446 provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446 (b)(3).

14.     At the time of filing, Progressive was a foreign corporation.  More specifically, Progressive was incorporated under the laws of the State of Wisconsin, and its "nerve center" or "principal place of business" is Ohio.  Progressive was not a citizen of the State of Oklahoma.  (*See* 2012 Annual Report, attached as **EXHIBIT 14**.)

15.     Upon information and belief, at the time of filing, Farmer's was a foreign corporation. More specifically, its "nerve center" or "principal place of business" is located in Kansas. Farmer's was not a citizen of the State of Oklahoma.

16.     Thus, with Plaintiffs' dismissal of Defendant Bullard, this action became a civil action over which this Court has original jurisdiction. *See* 28 U.S.C. § 1332(a)(1). It is now between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth above.

17.     It is undisputed that Plaintiffs and Progressive are completely diverse. It is also undisputed that Plaintiffs and Farmer's are completely diverse. Thus, the diversity requirement is met.

18.     The requirement that Plaintiffs seek in excess of $75,000.00, exclusive of interest and costs, is also met. "The right of removal depends upon the case disclosed by the pleadings when the petition therefor is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). As disclosed by the pleadings, Plaintiffs are seeking in excess of $75,000.00, exclusive of interest and costs. Specifically, Plaintiffs are seeking from each Defendant "an amount in excess of $75,000.00, attorney fees, interest, costs of this action, and further relief as this Court deems proper." (*See* Petition, Oklahoma County Case No. CJ-2013-4034, EXHIBIT 2.)

19.     Therefore, based on the foregoing, removal is proper under 28 U.S.C. § 1441(a) on the ground that this is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), as the parties remaining in this action are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

20.     Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought.  *See*  28 U.S.C. § 1441(b).  As shown above, disregarding the dismissed Defendant, this requirement is also met.  Progressive is not a citizen of States of Oklahoma, the State in which this action was brought.  Progressive is a citizen of the State of Wisconsin and Ohio.  Farmer's is not a citizen of the State of Oklahoma, the state in which this action was brought.  Farmer's is a citizen of the State of Kansas.  Therefore, the requirements for removal in 28 U.S.C. § 1441(b) are also met.

21.     This Notice of Removal is timely filed.  As shown above, 28 U.S.C. § 1446 requires that no more than 30 days pass since the action became removable in order for a defendant to remove an action to federal court.  *See* 28 U.S.C. § 1446(a)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .").  It is well established that "the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the fact.'" *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).  Here, Progressive was first able to ascertain this case was removable upon the filing of Plaintiffs' Dismissal With Prejudice of Defendant, J.D. Bullard on October 23, 2013.  Accordingly, 30 days have not elapsed since this action became removable to this Court.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

22.     Additionally, Progressive has one year from the date of filing to remove this case, pursuant to 28 U.S.C. § 1446(b) ("a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action"). As set forth above, Plaintiffs filed the present lawsuit on July 18, 2013. Accordingly, one year has not elapsed since this action was commenced.

23.     This Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma. The Western District of Oklahoma includes the County of Oklahoma County. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

24.     Lastly, counsel for Farmer's has authorized Progressive to advise the Court that Farmer's consents to this removal.

25.     Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiffs and Farmer's. As requested, Progressive has also filed a copy of the Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Northern Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

Brad L. Roberson, OBA No. 18819
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER,
  KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
ATTORNEYS FOR DEFENDANT,
  PROGRESSIVE NORTHERN
    INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This certifies that on November 14, 2013, the above and foregoing instrument was delivered to the following counsel of record:

Ed Abel, Esquire                              *VIA U.S. MAIL*
ABEL LAW FIRM
The White House
900 Northeast 63rd Street
Oklahoma City, Oklahoma 73105
Telephone:   405-239-7046
Facsimile:   405-418-0833
ATTORNEY FOR PLAINTIFFS


Christopher Combs, Esquire                    *VIA U.S. MAIL*
136 N.W. 10th Street, Suite 100
Oklahoma City, Oklahoma 73103
Telephone:   405-604-6880
Facsimile:   405-604-6998
ATTORNEY FOR DEFENDANT, FARMERS
INSURANCE COMPANY


Patricia Presley, Court Clerk                 *VIA HAND DELIVERY*
Oklahoma County Court Clerk
409 County Office Building
320 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102

For the Firm